# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL GONZALEZ-LUCERO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV187 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing § 2255 Cases, the Court is required to review the motion on submission and to dismiss it if it plainly appears that movant is not entitled to relief.

Movant's claims do not state a facially plausible claim for relief. Movant merely claims that the "conviction was obtained in violation of due process of law" and "Counsel provided ineffective assistance of counsel in violation of the Sixth Amendment . . ." The motion does not allege any facts, which if proved, would entitle movant to relief.

Rule 2(c)(2) of the Rules Governing § 2255 Cases requires that movant set forth "the facts supporting each ground" for relief. "[I]n order to substantially comply with the Section 2255 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the

petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Because movant's motion does not contain any factual allegations, it must be dismissed under Rule 4.

The Court notes that movant is still within the one-year limitations period. The Court will dismiss this action without prejudice. Movant will not be prohibited from refiling a § 2255 petition in this Court within the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 30th day of January, 2013.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE